UNITED STATES DISTRICT COURT
for the
Western District of North Carolina
Asheville Division

FILED
ASHEVILLE, NC
MAY 25 2023
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Lonnie Benjamin Barbee

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Russell Wicker, David Libera, Steve Matheny, Thad Harrell, Salonia Thorne, Amy Hopper, Walter Dalton, ISOTHERMAL COMMUNITY COLLEGE etal

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 1:23-cv-138-MR-WCM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lonnie Benjamin Barbee |
| Street Address | 2501 Poors Ford Road |
| City and County | Rutherfordton (RUTHERFORD) |
| State and Zip Code | North Carolina 28139 |
| Telephone Number | 828-395-0495 |
| E-mail Address | bennybarbee4@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Russell Wicker |
| Job or Title (if known) | Director of THE FOUNDATION |
| Street Address | ICC LOOP DRIVE |
| City and County | Spindale (Rutherford) |
| State and Zip Code | North Carolina 28160 |
| Telephone Number | |
| E-mail Address (if known) | |

**Defendant No. 2**

| | |
|---|---|
| Name | David Libera |
| Job or Title (if known) | Technical Director of THE FOUNDATION |
| Street Address | ICC LOOP DRIVE |
| City and County | Spindale (Rutherford) |
| State and Zip Code | North Carolina 28160 |
| Telephone Number | |
| E-mail Address (if known) | |

**Defendant No. 3**

| | |
|---|---|
| Name | Steve Matheney |
| Job or Title (if known) | Vice President (ISOTHERMAL COMMUNITY COLLEGE) |
| Street Address | ICC LOOP DRIVE |
| City and County | Spindale (Rutherford) |
| State and Zip Code | North Carolina 28160 |
| Telephone Number | |
| E-mail Address (if known) | |

**Defendant No. 4**

| | |
|---|---|
| Name | Thad Harrell |
| Job or Title (if known) | Vice President (ISOTHERMAL COMMUNITY COLLEGE) |
| Street Address | ICC LOOP DRIVE |
| City and County | ~~Spindale (RUTHERFORD)~~ North Carolina 28160 |
| State and Zip Code | North Carolina 28160 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 5
    Name              Salonia Thorne
    Jobor title       Lighting
    Street Address    ICC LOOP DRIVE
    City and County   Spindale    (RUTHERFORD)
    State and zip code North Carolina  28160

Defendant No. 6

    Name              Amy Hopper
    Job title         Human or Student Relations
    Street Address    ICC LOOP DRIVE
    City and County   Spindale    (RUTHERFORD)
    State and Zip Code North Carolina  28160

Defendant No. 7

    Name              Walter Dalton
    Job/Title         President (Isothermal Community College)
    Street Address    ICC LOOP DRIVE
    City and County   Spindale    (RUTHERFORD)
    State and Zip Code North Carolina  28160

Defendant No. 8

    Name              ISOTHERMAL COMMUNITY COLLEGE (etal)
    Street Address    ICC LOOP DRIVE
    City and County   Spindale    (RUTHERFORD)
    State and Zip Code North Carolina  28160

ISSUE #1
## Supporting Facts and Argument.

The defense has done nothing but tell half the truth. They keep saying, I was told, they needed fresh blood in the house, but what was actually said is, "WELL BENNY, YOUR'E GETTING OLD, WE HAVE TO GET FRESH BLOOD IN THE HOUSE".
There are so many lies being told on DEFENDANTS' REPLY TO MY RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT! So many facts of truth, have been elliminated...I have witnesses that will confirm that every thing I have addressed here is true, NOTHING BUT THE TRUTH..

I am still under my DOCTORESS CARE FOR ANXIETY and DEPRESSION, THIS ha been the biggest shock of my life, as I can't come up with an alternate plan.

### Issue 2.

#### Supporting Facts and Argument.

I got a copy of my deposition, WITH MANY PAGES MISSING...I still don't have a complete copy. Not once did the real facts get presented, as to when this s started, which was MARCH of 2017. Then they maintain, Ms. Thorn was my equal for this job, when actually she knew nothing about it, BUT, if she did have the experience and knowledge to do my job, then what happend to equal pay LAW? Why was this new (female) employee taken to Wicker's home to "feed his dog and be his housegirl, as she so proudly told me and a co-worker. I think there is sexual discriminatio as well as age discrimination that was going on. What happened to me after March, 2017 until last of November, 2017...was, to say the least, humiliating and horrifying...Why did she tell me, "IF RUSSELL DIDN'T START FULLFILLING HIS PROMISES TO HER,SHE WOULD BE OUT OF THERE,TOO...AS WELL AS A SENSUAL ENCOUNTER WITH DAVID LIBERA...ON STAGE DURING OUR WORK...APRIL 2017.

### Issue 3.

#### Supporting Facts and Argument.

I went to, STEVE MATHENY, MARCH OF 2017, telling him about the DAVID LIBERA statement to me about my age, as well as the ABUSE OF DRUGS AND ALCHOHOL, that the DIRECTOR, yet nothing was done...Average COMPANY would have him for
          (was quilty of)                                              SENT
an immediate drug test. AS PER PROCEDURE, for some reason or the other they are eliminated from all STATE, FEDERAL, and MUNICIPAL LAWS and RULES as as COLLEGE
rules and laws.                                                        (well)

### Issue 4.

#### Supporting Facts and Argument

Why was there a mediation, if there was no liability, and insulted me with a $500.00 settlement, which they raised it to $1500.00,and when I refused it, they bowed out...When the defense attorney, mocked me and made fun of me, when I was so sick, that I came close to dieing, and was immediatly admitted into the hospital, with pneumonia, which they thought at first it was COVID 19. I had been sick since MARCH all the way up to late JUNE. I am still weak from this.(2020) In AMY HARPERSs statement as to more hours worked, she left out the part, that I did a lot of hous in custodial work, after hours, which I did not get paid...sometimes...

### 4. Relief Requested

Identify the precise action you want the Court of Appeals to take:

```
If I had it, I would give anything to have my well planned life back, as
well as JUSTICE be served. I realize my entire life has been wrecked and
at this STAGE OF MY LIFE, I CAN'T PUT IT BACK TOGETHER... SO, PLEASE, PLEASE
most HONORABLE COURT, LET JUSTICE BE SERVED..
                                               THANK YOU !!
                           P. S.
    Please appoint me an attorney, as my request is now in writing.
```

### 5. Prior appeals (for appellants only)

A. Have you filed other cases in this court? Yes [ ] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_____
Signature
[Notarization Not Required]

_____
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
**********************

I certify that on _____ I served a copy of this Informal Brief on all parties, addressed as shown below:

_____
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

This case involves questions of exceptional importance. The District Court's decision turned on overlooked legal matters and misapprehended facts.

## Background:

Appellant is not an attorney and possesses no training or education in the legal profession. He thanks the Appellate Court for the opportunity to share his thoughts and experiences and believes his experience should be shared.

Appellees promised Appellant a job for as long as he could perform its duties, and he relied on this promise. He was also promised he would be treated fairly at all times. Some call this "due process." Appellant also relied on the promise his "name" would be safe in his employment with Appellees.

After reporting blatant age discrimination (as later confirmed by multiple firsthand witnesses in sworn statements) to Appellees, Appellant experienced retaliation, and he was even treated like some sort of "criminal."

Appellant has been humiliated by Appellees, and their actions have caused suffering in all aspects of his life.

To this date, Appellant's voice has not been heard, and Appellees will not release the information he needs to understand Appellee's allegations or defend himself against false statements.

Records submitted to the Court (including content submitted by Appellees) refers to employees smoking pot and drinking, carrying weapons and inflicting physical harm, etc. while on campus and on the job. (Reports pertain to employees in similar positions and superiors.) When actions were reported to Appellees (Vice Presidents) by Appellant, their response was to note some employees could do whatever they want. VP's who received reports and reacted in this way remain on Appellee's payroll, receiving pay increases and what appears to the public as promotions. Other employees who engaged in misconduct either remain employed or worked to retirement age.

Appellees indicate Appellant was terminated for alleged comments made after he was terminated and while not on the job. Appellant does not understand their allegations or agree those allegations are reason for termination.

Appellees' policy/procedures require due process steps prior to termination. These steps would have to prove some sort of failing on the part of an employee such as poor work performance or insubordination. The steps never occurred and nor did any incident which would meet the criteria for termination.

Appellees do not even try to make a case they followed their own policy/ procedures, because they did not. However, the case record shows different rules for different people.

In Appellant's case, the record shows he reported age discrimination and employee misconduct. Also, he's a disabled man who's supervisor (and supervisor's boss) stated needed to be replaced with someone younger.

**Summary**:

At various times, Appellant has been promised legal assistance would be provided by the Court.

Appellant has not received this assistance, and he has not been able to access assistance. Some in the profession indicate there is no attorney who will ever assist due to political factors/interests associated with one of the Defendants/Appellees.

Appellant was not provided the opportunity to "read and sign" his deposition as required by law.

Although Rule 106 indicates Appellant should have access to his full deposition transcript, Appellant has requested the full deposition transcript, but Appellees have denied him access to his full deposition transcript.

Appellant felt threatened while participating in the deposition.

In spite of deposition irregularities, deposition content was used against Appellant.

Appellees used mediation to bully, intimidate, and sabotage Appellant even exploiting his disabilities in the process.

It appears Appellees have violated various laws in not paying Appellant for his work; however, Appellant cannot fully evaluate. Appellees refuse to release full employment/pay records. The law requires access to these records as Discovery, and the records are considered "public records."

Once Appellees are forced to relinquish the records, there will be another lawsuit. In refusing to comply with the law, Appellees create unnecessary work for the Court.

Appellees have refused to release other records which are considered public records including closed session and subcommittee meetings of the Board of Trustees (BOT) in violation of North Carolina law.

Under Open Meetings Law, the BOT can only withhold closed sessions meeting minutes if public disclosure would "frustrate the purpose." Appellees also refuse to state why or how release of public records would frustrate any purpose.

Appellant has been told by a reliable source he was discussed by BOT members in meeting(s). He does not know what evidence may have been discussed or used against him, because he has been denied access to this information.

It appears to Appellant that Appellees are withholding public records which could serve as evidence. Appellant believes the law does not exist to protect individuals who appear to be using their publicly funded positions to hide public records. Appellees have refused to release a copy of the relevant insurance policy as required by law (Discovery).

It's Appellant's view that Appellees' conduct impacts how the community perceives the judicial system by raising questions as to how and why there appears to be different rules for different persons.

Appellant believes the Court should be made aware of any conduct which could impact public perception and cause the Court unnecessary work.

Appellant demanded a jury trial in his legal complaint, and he has never withdrawn or forfeited that demand.

**Conclusion**:

Appellant presents this pleading based upon facts and circumstances representing his firsthand experiences and with the belief the Court can benefit from the information. Appellant respectfully requests the Court take whatever action on his behalf it deems in keeping with the United States Constitution and the laws of the Fourth Circuit and the State of North Carolina.