IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00138-MR-WCM

| | |
|---|---|
| LONNIE BENJAMIN BARBEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RUSSEL WICKER ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.     STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. DISCUSSION

### A. Application to Proceed Without Prepaying Fees or Costs

The Plaintiff seeks to proceed in this action without the prepayment of fees or costs. Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has adequately demonstrated that he is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. Section 1915 Review

The Plaintiff purports to bring a claim for employment discrimination against Russell Wicker, David Libera, Steve Matheney, Thad Harrell, Salonia Thorne, Amy Hopper, Walter Dalton, and Isothermal Community College (collectively, "Defendants") arising from the 2017 termination of his employment as a stagehand at Isothermal Community College. [Doc. 1 at 1-3]. The Plaintiff previously filed an employment discrimination action against the same Defendants in 2018. [Civil Case No. 1:18-cv-00267-MR-WCM, Doc. 1]. In that case he asserted claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., for age discrimination,

3

disability discrimination, retaliation, hostile work environment, disparate treatment, and wrongful termination arising from the 2017 termination of his employment as a stagehand at Isothermal Community College. [Civil Case No. 1-18-cv-00267-MR-WCM, Doc. 40]. This Court granted summary judgment on all claims for the Defendants, and the Fourth Circuit affirmed. [Id.; Barbee v. Isothermal Cmty. Coll., No. 20-2182, 2022 WL 168544 (4th Cir. Jan. 19, 2022)].

In the present action, the Plaintiff continues to contest his 2017 termination from Isothermal Community College. However, he appears to direct most of his complaints to the Fourth Circuit, alleging errors in this Court's handling of his 2018 action. [Doc. 1 at 6-10]. He also alleges that the Defendants misrepresented the facts in their briefing regarding their Motion for Summary Judgment in the 2018 action and alleges that he was not supplied with a copy of his deposition. [Id. at 4]. However, as the previous action resulted in a final judgment on the merits, it appears that res judicata bars the present action.

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quoting Federated Dep't Stores, Inc. v.

4

Moitie, 452 U.S. 394, 398 (1981)). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" Pueschel, 369 F.3d at 354 (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)). Here, the Plaintiff seeks to relitigate the same issues that he asserted in the prior proceeding. To the extent that the Plaintiff attempts to assert any additional claims[1] against these Defendants stemming from his firing or assert additional errors in this Court's grant of summary judgment to the Defendants, such claims clearly could have been raised in the prior proceeding and such errors could have been alleged on appeal. Accordingly, the doctrine of res judicata precludes the Plaintiff's present action.

Because the Plaintiff's present claims are barred by the doctrine of res judicata, the Court must dismiss the case. See Neitzke, 490 U.S. at 328 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).

As such, the Court will dismiss this civil action with prejudice.

---

[1] While the Plaintiff's Complaint is primarily focused on errors he alleges in the adjudication of his earlier action, he does appear to, for the first time, allege sex discrimination during his employment with Isothermal Community College. [Doc. 1 at 4].

5

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915. The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 8, 2023

Martin Reidinger
Chief United States District Judge